IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
FAYETTEVILLE DIVISION

YUL B. YOUNG, I                                                  PLAINTIFF

      v.                   Civil No. 10-5036

KEN INGALLS, Officer,
West Fork Police Department                                 DEFENDANT

## REPORT AND RECOMMENDATION OF THE MAGISTRATE JUDGE

Yul B. Young (hereinafter Young) filed this case pursuant to the provisions of 42 U.S.C. § 1983. He proceeds *pro se* and *in forma pauperis*.

Defendant, Officer Ken Ingalls (hereinafter Ingalls), has filed a motion for judgment on the pleadings (Doc. 13) pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Young did not file a response to the motion. The motion is before me for issuance of this report and recommendation.

## Background

For purposes of discussion, the allegations contained in the complaint will be summarized. Young alleges he has been racially profiled by Ingalls. At issue are two arrests made by Ingalls. The first arrest followed a traffic stop which occurred in June of 2009. Young was arrested for driving on a suspended license. During the stop, Ingalls is alleged to have referred to Young's "big black head." Young's ex-wife was a passenger in the car and was allowed to drive away without citation.

According to Young, the second arrest occurred on January 3, 2010, at his ex-wife's house. Young was charged with violating an order of protection. According to Young, Ingalls

indicated he came to the house after receiving a private call from a friend living on the same block as Young's ex-wife. Young alleges there are "no Blacks" on the block except for him and his neighbor's friend. As relief, Young requests compensation for public humiliation, harassment, and racial profiling.

The records from the West Fork Police Department indicate that on June 9, 2009, Ingalls conducted a traffic stop of a vehicle being driven by Young. (Doc. 13-1 Ex. 1 pg. 1). Young was charged with operating a motor vehicle while his licence was suspended. *Id.* Records from the West Fork District Court indicate Young was found guilty of the offense and assessed various fines and costs. (Doc. 13-1 Ex. 2 pgs. 3-4). No appeal was filed. *Id.*

On January 4, 2010, records from the West Fork Police Department indicate Ingalls arrested Young at a residence and charged him with violation of a protective order. (Doc. 13-1 Ex. 3 pgs. 5-6). Records from the West Fork District Court indicate Young was found guilty of the charge on February 9, 2010, and sentenced to thirty days in jail. (Doc. 13-1 Ex. 4 pgs. 7-8). No appeal was filed. *Id.*

**Applicable Standard**

On a motion for judgment on the pleadings, a court applies the same standard as in a 12(b)(6) motion for failure to state a claim. Glover v. Merck & Co., Inc., 345 F. Supp. 2d 994, 996 (D. Minn. 2004)(citing St. Paul Ramsey County Medical Ctr. v. Pennington County, S.D., 857 F.2d 1185, 1187 (8th Cir. 1988)). Rule 8(a) contains the general pleading rules and requires a complaint to present "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "In order to meet this standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face.'" Braden v. Wal-Mart Stores, Inc., 588

AO72A
(Rev. 8/82)

F.3d 585, 594 (8th Cir. 2009)(quoting Ashcroft v. Iqbal, ___ U.S. ___, 129 S. Ct. 1937, 1940 (2009)).

"The plausibility standard requires a plaintiff to show at the pleading stage that success on the merits is more than a 'sheer possibility.'" Braden, 588 F.3d at 594 (quoting Iqbal, 129 S. Ct. at 1949). The standard does "not impose a probability requirement at the pleading stage; it simply calls for enough fact to raise a reasonable expectation," or reasonable inference, that the "defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949; see also Stone v. Harry, 364 F.3d 912, 914 (8th Cir. 2004)(While pro se complaints are liberally construed, they must allege sufficient facts to support the claims.).

As discussed above, Ingalls has submitted to the court for consideration matters outside the pleadings. (Doc. 13 Exs. 1-4). When ruling on either a Rule 12(b)(6) motion, or a Rule 12(c) motion, the court must generally ignore matters outside the pleadings. See Porous Media Corp. v. Pall Corp., 186 F.3d 1077, 1079 (8th Cir. 1999). However, the court may consider exhibits attached to the complaint, materials that are necessarily embraced by the complaint, and materials that are part of the public record. See Mattes v. ABC Plastics, Inc., 323 F.3d 695, 698 (8th Cir. 2003)(in deciding a motion to dismiss, the court may consider exhibits to the complaint and materials embraced by the complaint); Kushner v. Beverly Enters., Inc., 317 F.3d 820, 831 (8th Cir. 2003)("When deciding a motion to dismiss, a court may consider the complaint and documents whose contents are alleged in a complaint and whose authenticity no party questions, but which are not physically attached to the pleading.")(citations omitted); Faibisch v. University of Minnesota, 304 F.3d 797, 802 (8th Cir. 2002)("When deciding Rule 12(c) motions, however, courts may rely on matters within the public record."). As the incident reports and court docket sheets are part of the public record, they may be considered in connection with this motion.

**Discussion**

Ingalls requests dismissal of the case because Young was convicted of the charges filed against him. As these convictions have not been reversed or otherwise held invalid, Ingalls maintains Heck v. Humphrey, 512 U.S. 477 (1994) bars Young's claims.

In Heck, the Supreme Court held that a claim for damages for "allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid" is not cognizable until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." Heck, 512 U.S. 486-87. The reasoning of Heck has been applied to claims that an officer lacked probable cause for an arrest or that the arrest was racially motivated. See e.g., Gibson v. Superintendent of N.J. Dep't of Law, 411 F.3d 427, 451-52 (3rd Cir. 2005)(stop based solely on pattern and practice of racial profiling, without any reasonable suspicion, is unlawful and evidence discovered excludable, and thus implied conviction was improper, triggering Heck bar); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996)(allegations that defendants lacked probable cause to arrest him and brought unfounded criminal charges challenge the validity of conviction and are Heck barred). Clearly, this case is barred by the holding of the Supreme Court in Heck.

**Conclusion**

I therefore recommend that the motion for judgment on the pleadings (Doc. 13) be granted and the case dismissed without prejudice.

**The parties have fourteen (14) days from receipt of the report and recommendation in which to file written objections pursuant to 28 U.S.C. § 636(b)(1). The failure to file**

**timely objections may result in waiver of the right to appeal questions of fact. The parties are reminded that objections must be both timely and specific to trigger de novo review by the district court.**

      DATED this 22nd day of September 2010.

                                               /s/ *Erin L. Setser*
                                               HON. ERIN L. SETSER
                                               UNITED STATES MAGISTRATE JUDGE

**AO72A**
**(Rev. 8/82)**